**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

PAUL GROSSMAN,             )
                                     )
       Plaintiff,           )
                v.           )
                                     )   CASE NO.  4:20-cv-00040
MADISON NATIONAL LIFE    )
INSURANCE COMPANY, INC.,   )
                                     )
       Defendant.      )

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Madison National Life Insurance Company, Inc. ("Madison"), by counsel, submits its Notice of Removal, and states:

1.      On April 30, 2020, Plaintiff Paul Grossman ("Grossman") filed a Complaint against Madison in Tippecanoe Superior Court 1, Tippecanoe County, Indiana, cause number 79D01-2004-PL-000047, asserting breach of contract related to a long term disability policy of insurance against Madison and further asserting that Madison breached duties of good faith to Grossman.

2.      Grossman's Complaint requests payment of damages for the amount allegedly due to him under the insurance contract, the value of long-term disability payments from the date of denial to the date of trial, exemplary damages, costs, and attorney's fees.

3.      Madison first received service of this action by certified mail on May 4, 2020.

4.      Any action "brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

1

5.     The Complaint in this matter was filed in Tippecanoe Superior Court in Tippecanoe County, Indiana. Tippecanoe County, Indiana is located within the Lafayette Division of the District Court of the Northern District of Indiana.

6.     Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over matters pending in Tippecanoe Superior Court provided that "the matter in controversy exceeds the sum or value of $75,000" and the matter or controversy "is between citizens of different states."

7.     With respect to the amount in controversy, when a Complaint does not include a specific amount of relief sought, a defendant "must necessarily estimate the amount in controversy." *See Engebretson v. Sun Life Assurance Co.*, No. 4:09-cv-26-SEB-WGH, 2009 U.S. Dist. LEXIS 51065, at *6 (S.D. Ind. June 17, 2009).

8.     Grossman's Complaint demands judgment "in the amount due to him under the terms of the contract, prejudgment interest, costs, and all other just relief" for the claim for breach of contract, and "for the value of the long-term disability payments, plus reasonable attorney fees and exemplary damages, plus the costs of this action, all without relief from valuation and appraisement laws, and for all other just and proper relief," for the claim for breach of the duty of good faith. (Exhibit 1 p. 5-6, Plaintiff's State Court Complaint p. 3-4.)

9.     The policy of disability insurance at issue in this matter provides gross benefits in the amount of 60% of a claimant's gross monthly salary for claimants who satisfy the policy's conditions and terms, including terms related to claiming, proving, and receiving disability benefits under the policy.  (Exhibit 1 p. 10: Plaintiff's State Court Complaint Exhibit A, p. 3.)

10.     Based on Grossman's annual salary, his 60% monthly benefit at the time of his application was $1,787.39. [1] (Exhibit 2: Madison Letter of February 8, 2017.)

---

[1] No discovery has been conducted in this case.  At this time, Madison has not fully investigated whether any offsets would apply to reduce Grossman's hypothetical gross monthly benefit amount, and, if so, which and in what

11.     With respect to Grossman's breach of contract claim, Madison recognizes that future benefits are not counted toward the amount in controversy. *See, e.g., Engebretson*, at *8-9 n.4.

12.     Grossman's benefits were denied on January 25, 2019, fifteen months before the date on which he filed his state court Complaint. (Exhibit 1 p. 4, Plaintiff's Complaint p. 2.)

13.     The amount of past-due benefits as of the date of filing was $26,812.50 ($1,787.5 x 15).

14.     Damages for Grossman's tort claim for Madison's alleged breach of the duty of good faith would include, for purposes of the amount in controversy, the amount of monthly benefits from the date of denial through the date of trial. *See Flannery v. Cont'l Cas. Co.*, No. 1:02-CV-1861-LJM, 2003 U.S. Dist. LEXIS 8493, at *9 (S.D. Ind. Mar. 11, 2003).

15.     According to the most recently available statistics, the average time period in the Northern District of Indiana for a civil case from the time of filing to trial was 31.8 months for the 12-month period ending December 31, 2014; 44.7 months for the 12-month period ending December 31, 2015; 40.3 months for the 12-month period ending December 31, 2016; and 38.8 months for the 12-month period ending December 31, 2018.[2] Taking the shortest of these periods, the amount in controversy for unpaid policy benefits from the time of filing through trial is $55,412.50 ($1,787.50 x 31).

16.     Thus, the total of alleged past-due amounts plus the amount of alleged benefits that are reasonably expected to accrue prior to trial total $82,225.00, which exceeds the jurisdictional threshold and permits removal.

---

amount.  Madison reserves the right to assert in the future that offsets apply as, through discovery, Madison develops a factual record pertinent to that issue.

[2] https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2019.pdf.

17.     Further, Grossman's request for punitive damages is also included in the amount in controversy for purposes of jurisdiction. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000).

18.     Under Indiana law, punitive damages are capped at the greater of $50,000 or three times the amount of compensatory damages awarded. *See* Ind. Code § 34-51-3-4.

19.     The claim for punitive damages is therefore, at a minimum, $50,000, and thus pushes the amount in controversy even further past the jurisdictional threshold.[3]

20.     Finally, Grossman's Complaint demands attorneys' fees, and "attorneys' fees up to the time of removal also count toward the jurisdictional amount." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006).

21.     In sum, Grossman's claim for damages in this matter easily exceeds $75,000.

22.     As to citizenship, Madison is a Wisconsin corporation with its principal place of business in Madison, Wisconsin. Madison is therefore a citizen of the State of Wisconsin. (Exhibit 1 p. 3: Plaintiff's State Court Complaint p. 1.)

23.     Grossman is a domiciliary and resident of Tippecanoe County, Indiana, and is a citizen of the State of Indiana. (Exhibit 1 p. 3: Plaintiff's State Court Complaint p. 1.)

24.     The parties are, therefore, completely diverse for jurisdictional purposes.

25.     The amount in controversy exceeds $75,000.

26.     This Notice is timely pursuant to 28 U.S.C. § 1446(b)(1).

27.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants are attached hereto and incorporated herein as Exhibit "1."

---

[3] Indeed, the amount of punitive damages at issue plus the amount of allegedly-owed past-due benefits exceeds the $75,000 threshold without respect to the amount of claimed damages that is reasonably expected to accrue from the date of filing through trial.

28.     Pursuant to 28 U.S.C. § 1446(d), Madison has given written notice to the Plaintiff and to the Clerk of the Court of the Tippecanoe Superior Court of this Notice of Removal.  A true and accurate copy of the Notice to the Clerk is attached hereto and incorporated herein as "Exhibit 3."

29.     Pursuant to 28 U.S.C. § 1446(a), Defendant gives Notice of Removal of this case to the United States District Court for the Northern District of Indiana, Lafayette Division.

WHEREFORE Defendant Madison National Life Insurance Co., Inc., respectfully gives notice of removal of this action from the Tippecanoe Superior Court, Tippecanoe County, Indiana, to this Court, for trial and determination.

BARRETT McNAGNY LLP

By  */s/William A. Ramsey*
       William A. Ramsey, # 26547-53
       215 East Berry Street
       Fort Wayne, IN 46802
       Phone: (260) 423-9551
       Fax: (260) 423-8824
       E-Mail:  war@barrettlaw.com

       *Attorneys for Defendant Madison National Life Insurance Company, Inc.*